**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MILLBROOK TOWNHOME ASSOCIATION INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3160 |
| | ) | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY AND AFFILIATED COMPANIES, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This newly-filed action by Millbrook Townhome Association Inc. ("Millbrook") charges its insurer or insurers named in the caption with having failed to honor their policy obligations to pay for property losses sustained by Millbrook. This memorandum opinion and order is issued sua sponte because of the obviously problematic nature of the Complaint in the most fundamental terms.

Because federal courts are courts of limited jurisdiction, competent to entertain litigation only to the extent that Congress has prescribed, our Court of Appeals taught almost three decades ago in Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986)):

> The first thing a federal judge should do when a complaint is filed is check to see that the federal jurisdiction is properly alleged.

And a decade ago Wernsing v. Thompson, 432 F.3d 732, 743 (7th Cir. 2005) made it clear that the court is duty bound to act sua sponte in that regard if called for by the circumstances:

Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

In this instance Millbrook seeks to invoke the diversity-of-citizenship branch of federal jurisprudence, and this Court will of course credit the Complaint ¶¶ 1 and 16 allegations (though conclusory in nature) that the requisite jurisdictional amount is in controversy. But the obvious problem lies instead in the inclusion among the targeted defendants of "affiliated companies," an amorphous term rendered even more amorphous (1) by Millbrook's collectivizing its defendants simply as "Nationwide" and (2) by the only allegation that touches (and inadequately even in that respect) on the state or states of citizenship of "Nationwide" -- here is Complaint ¶ 3:

At all times material herein, Nationwide was and is an Ohio corporation authorized to do business in the State of Illinois and engaged in the business of underwriting and issuing commercial insurance policies.[1]

This is of course a suit for breach of contract, more specifically of the "Premier Businessowners Policy -- Premier Habitational" referred to in Complaint ¶ 6. Although Millbrook there alleges that it does not have a copy of the Policy itself (having requested one from "Nationwide"), Complaint ¶ 6 does refer to a copy of the "renewal pages" as having been attached as Complaint Exhibit A. But regrettably, neither the copy of the Complaint delivered to this Court's chambers nor any of the other three also-delivered docket entry documents includes that Exhibit A.

This Court has no familiarity with the corporate structures that make up "Nationwide Mutual Insurance Company and Affiliated Companies," listed by Millbrook among its targeted

---

[1] [Footnote by this Court] Even as to Millbrook itself, its counsel has not specified both facets of its corporate citizenship in the terms required by 28 U.S.C. § 1332(c)(1). And Complaint ¶ 3 has failed in the same respect as to the defendant or defendants, even if the ambiguous use of "Nationwide" were to be cleared up.

defendants. But it is familiar with the practice of the Travelers group of insurance companies, under which particular coverage may be provided either by the parent company or by one of the constituent companies, but the instructions included in the billing of insurance premiums are always to make payment to "Travelers and affiliates." In one of the instances of serendipity that seem to be encountered with surprising frequency in the judging business, on the same day that this opinion has been dictated this Court has also issued an oral summary judgment ruling in a case on its calendar that also charged a failure of the insurance company defendant in that case (Travelers Casualty Insurance Company of America) to pay for a property loss sustained by the insured there. And if plaintiff's counsel in that case (also brought under the diversity branch of federal jurisdiction) had taken his cue from the Travelers billing practice by suing "Travelers and affiliates" rather than naming the specific company that had issued the policy, that action would have suffered the same swift demise that is being ordered here.

In the same way, by sheer chance yesterday's mail delivery to this Court's home included an advertising piece from the ubiquitous GEICO that included, in extremely fine print (about the size of flyspecks) at the bottom of the promotional piece, information about different kinds of coverage provided by insurers other than the parent company for which GEICO is the acronym (Government Employee Insurance Company) -- companies such as GEICO Indemnity Company, GEICO Insurance Agency, Inc. and others. Once again any breach of contract action against a GEICO insurer would have to name the specific insurer, not the generic "GEICO."

In sum, this situation is entirely comparable in jurisdictional terms to one in which a plaintiff has adverted to an individual defendant's residence rather than the requisite jurisdictional fact of the individual's state of citizenship. In that regard, even though those two concepts most often coincide that is not always the case, and our Court of Appeals has

consistently taught (as repeated, for example, in <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004)):

> When the parties allege residence but not citizenship, the district court must dismiss the suit.

That command has always seemed Draconian to this Court, so that its frequent practice has been to obey the command but also to provide that if the flaw were to turn out to be curable, it might entertain a timely Fed. R. Civ. P. 59(e) motion to vacate the dismissal -- but at the cost to plaintiff of a second $400 filing fee (a practice that obviates the need to replead a sometimes complex complaint, while at the same time making the initial fundamental error appropriately expensive). In this instance, however, the brevity of the present Complaint, coupled with a need to correct a number of its allegations, indicates that a straightforward dismissal for lack of subject matter jurisdiction is appropriate (of course such dismissal is without prejudice as to the substance of Millbrook's claim). This Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 16, 2015